IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FRANCO CRUZ, AS NEXT FRIEND FOR F.M.C., A.V.C. & D.M.; NANCY CRUZ, KYLE ESPINOZA, AS NEXT FRIEND FOR L.E., M.C., M.M. & N.R.; AND KRIZEL CRUZ,<br>*Plaintiffs*<br><br>-vs-<br><br>CARNIVAL CORPORATION,<br>*Defendant* | SA-23-CV-00834-XR |

## ORDER ON MOTION TO TRANSFER VENUE

On this date, the Court considered Defendant Carnival Corporation's motion to transfer venue (ECF No. 6). After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiffs brought this action against Defendant Carnival Corporation ("Carnival"), alleging claims for breach of contract, Texas Deceptive Trade Practices Act violations, and various common law torts arising out of a week-long cruise in March 2022 and Carnival's allegedly misleading COVID-19 policies and procedures.

On June 4, 2021, Plaintiffs Franco Cruz and ten of his family members purchased vacation packages on a Carnival ship departing Galveston, Texas on March 6, 2022. Plaintiffs' family members included two young children: a 3-year-old and a 6-month-old. The entire family tested negative for COVID-19 within 48 hours before their departure. When they arrived at Port Galveston, Plaintiffs were told that, although the infant was exempt from further testing, the 3-year-old would need to be retested because he was not vaccinated. The next day, Plaintiffs learned that children under the age of five were prohibited from attending the ship's daycare, "Camp

Ocean," because, at the time, a COVID-19 vaccine was not available for young children. Plaintiffs were also informed that, because of the unvaccinated children, they would need to book—and pay additional fees for—a "bubble tour" in order to disembark the ship. As a result, "Plaintiffs stayed on the ship for the week; sleeping, eating, and walking around the ship on port days was all that was made available to them." ECF No. 1-2, Original Pet. ¶ 14. "Plaintiffs felt as if they were captives, they felt discriminated against because of having small children, and for not having all of his family vaccinated; even though certain vaccines were not recommended at the time for certain ages[.]" *Id.*

Plaintiffs booked their cruises in three separate bookings. On June 4, 6, and 7, 2021, Carnival sent a Guest Confirmation Email to each Plaintiff. ECF No. 6-1, Borcegue Decl. at ¶¶ 12–15; Exhs. B1–B4 (Booking History Notes). The Guest Confirmation Email provided notice that the cruise was subject to the terms and conditions set forth in the Cruise Ticket Contract (the "Contract"). ECF No. 6-1, Borcegue Decl. at ¶ 16; Exh. C (Exemplar Guest Confirmation Email). Plaintiffs accepted the terms of the Contract by acknowledging it electronically during the online check-in process approximately two weeks before the cruise.[1] ECF No. 6-1, Borcegue Decl. at ¶¶ 17–21; ECF No. 8-1, Cruise Ticket Contract Acceptance Report. The Contract included Section 14 of the ticket contract contains the following forum-selection clause:

> [I]t is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

---

[1] Paragraph 1(e) of the Contract also explains that the named guest automatically accepts the terms of the contract when she accepts or uses the ticket: "The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all of the terms and conditions of this Cruise Contract." ECF No. 6-9 at 3.

ECF No. 6-9 at 16. The first page of the Contract draws special attention to the forum-selection clause:

IMPORTANT NOTICE TO GUESTS

THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINE TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING BELOW.

**THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO SECTIONS 1, 4, AND 12 THROUGH 15, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINE,** THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, **INCLUDING FORUM SELECTION.**

ECF No. 6-9 at 2.

Plaintiffs originally filed this action in the 166th Judicial District Court, Bexar County, Texas on May 4, 2023, seeking over $250,000 in damages. *See id.* at 1. Carnival removed the case to federal court on the basis of diversity jurisdiction and this courts admiralty jurisidiction. ECF No. 1 at 2–3. Carnival now seeks to transfer this case to the Miami Division of the United States District Court for the Southern District of Florida pursuant to the forum-selection clause. ECF No. 6. Plaintiffs have not filed a response and the time in which to do so has expired.

## DISCUSSION

**I.   Legal Standard**

Pursuant to 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." After determining that the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

The burden of showing "good cause" rests with the defendant under 28 U.S.C. § 1404(a), requiring him to persuade the court "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008). However, the burden is easier to satisfy than that for forum non conveniens, and a district court has broader discretion in ordering transfer under § 1404(a). *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). This is because, unlike forum non conveniens, a change of venue maintains the same federal forum, so a defendant's burden of showing "good cause" is already enough to protect the plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314–15.

This "calculus" of § 1404(a) changes, however, where transfer is sought based on a forum-selection clause. When a contract includes a valid forum-selection clause, the district court ordinarily should transfer the case to the forum stated in the clause. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied *Id.* The court must deem the private interests to weigh in favor of the preselected forum, the parties having struck that balance by their contract. *In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014). Before giving this "controlling" weight to a forum-selection clause, however, the clause must first be a valid and controlling one. *Atl. Marine*, 134 S. Ct. at 581 n.5. Forum-selection clauses are presumed to be valid and must be enforced by the court unless shown to be unreasonable. *See Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997).

**II.    Analysis**

The Supreme Court has found forum-selection clauses in passenger ticket contracts presumptively valid and enforceable. *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991). The Fifth Circuit too, has held that they are prima facie valid and enforceable. *See Seattle-First Nat'l*

4

*Bank v. Mange*s, 900 F.2d 795, 799 (5th Cir. 1990). To overcome the presumption of validity, the party challenging the forum-selection clause has a "heavy burden" of establishing that enforcement of the clause would be "unreasonable under the circumstances." *See Int'l Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996).

In evaluating a cruise ticket contract substantially similar to the one at issue in this case, the Supreme Court held that passengers are bound by non-negotiated forum-selection provisions contained in their cruise ticket contracts. *Shute*, 499 U.S. 585. In *Shute*, a couple purchased a cruise from Carnival. *Id.* at 587. Carnival sent the Shutes a ticket contract containing a Florida forum-selection clause. *Id.* at 587–88. The Shutes boarded the ship in Los Angeles, California. *Id.* at 588. While on the cruise, Mrs. Shute sustained injuries when she slipped on a deck mat. *Id.* The Shutes filed suit in a Washington federal district court instead of Florida, and Carnival moved for summary judgment contending the forum-selection clause in the contract required the Shutes to bring suit in Florida. *Id.*

Disagreeing with the lower court, the Court held that the forum-selection clause was not unenforceable "simply because it [was] not the subject of bargaining." *Id.* at 594. The Court further concluded that "there [was] no indication that [Carnival had] set Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims." *Id.* at 595. "Any suggestion of such a bad-faith motive," it noted, was "belied by two facts: Petitioner has its principal place of business in Florida, and many of its cruises depart from and return to Florida ports." *Id.* Indeed, the Court identified numerous reasons for including a forum-selection provision in the ticket contract:

> [F]irst, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing ex ante

> the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum, and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

*Id.* at 593–94 (citations omitted). Finally, the Court pointed out that the plaintiffs provided "no evidence" of the clause being "obtained . . . by fraud or overreaching" and that plaintiffs "conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity." *Id.* In short, the Court held that the forum-selection clause was enforceable.

As in *Schute*, the language of the forum selection clause, and the Contract's terms impressing the importance of provisions such as the forum selection clause, "reasonably communicate" the clause "to Carnival's passengers." Cline v. Carnival Corp., No. 3:13-CV-1090-B, 2014 WL 550738, at *3 (N.D. Tex. Feb. 12, 2014) (citing *Spataro v. Kloster Cruise, Ltd.*, 894 F.2d 44, 46 (2d Cir.1990) (holding that "sea carriers [must] reasonably communicate [relevant contractual terms] to their passengers")). It is undisputed that Plaintiffs acknowledged receipt of the Contract weeks before boarding the ship and ultimately accepted passage on the ship; they are therefore bound by the terms of the Contract, including the forum-selection provision. *See Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979) ("[C]onditions and limitations in contracts for the carriage of passengers by water . . . become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample opportunity to examine its contents."); *Harden v. Am. Airlines*, 178 F.R.D. 583, 587 (M.D. Ala. 1998) ("[C]ourts have uniformly held that passengers are bound by provisions printed on a ticket, even though the passenger did not actually read those provisions . . . [before] accept[ing] passage on the ship.").

The forum-selection clause itself is presumptively reasonable. *Haynsworth*, 121 F.3d at 962. Plaintiffs have not presented any evidence that their consent to the clause was obtained by fraud or overreach or that the provision is otherwise invalid or unreasonable. Nor have they identified any "extraordinary circumstances" that would warrant denying Carnival's motion. *Atl. Marine Const. Co.*, 571 U.S. at 62. Not only have Plaintiffs failed to respond to the motion, but they appear to be asserting a claim against Carnival for breach of the very same contract containing the forum-selection clause. *See* ECF No. 1-2, Original Pet. ¶ 26.

Accordingly, the Court concludes that the forum-selection clause in the Contract is valid and enforceable, and that this case must be transferred to the Miami Division of the Southern District of Florida pursuant to 28 U.S.C. § 1404.

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue (ECF No. 6) is **GRANTED**. The hearing previously set for Tuesday, August 15, 2023 is **CANCELED**.

The case is **TRANSFERRED** to the to the Miami Division of the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404.

It is so **ORDERED**.

**SIGNED** this 1st day of August, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE